# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARLOS LUSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 C 3755 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| DETECTIVE TURNER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Carlos Luster, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that the defendant, Chicago Police Detective Turner (hereinafter, "Defendant"), violated his constitutional rights by subjecting him to false arrest, malicious prosecution, and false imprisonment. On initial review pursuant to 28 U.S.C. § 1915A, it appeared to the court that plaintiff had stated a colorable claim under the Civil Rights Act, 42 U.S.C. § 1983, as to defendant Turner for false arrest, malicious prosecution, and false imprisonment. The court dismissed plaintiff's claims against Knuana Scott, the Chicago Police Department, and the Cook County State's Attorneys Office. Presently before the court is defendant Glen Turner's motion to dismiss the complaint for failure to state a claim upon which relief may be granted [Dkt. No. 14]. For the reasons stated in this order, defendant's motion is granted.

It is well established that *pro se* complaints are to be liberally construed. *Haines* v. *Kerner*, 404 U.S. 519, 520 (1972); *see also Erickson* v. *Pardus*, 551 U.S. 89, 94 (2007) (a *pro se* complaint must be held to less stringent standards than formal pleadings drafted by lawyers); *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Federal Rule of Civil Procedure 8(a)(2) requires

only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)).

The complaint, however, "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Tamayo* v. *Blagojevich*, 526 F.3d 1074, 1084 (citation and internal quotation marks omitted). In making this determination, the complaint is construed in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in the plaintiff's favor. *Id.* at 1081. At the same time, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006).

## BACKGROUND

Plaintiff alleges the following facts in his complaint, which are accepted as true for purposes of the motion to dismiss:

On December 15, 2007, plaintiff was walking down 61st Street toward Ashland Avenue in Chicago. The next thing he remembers is waking up in Stroger Hospital with Detective Turner present in the room. Turner related to him what had occurred which resulted in his being hospitalized. Turner told him that someone matching his description tried to pull a young girl, Knuana Scott, into an alley. She broke free and ran home. At some point Miss Scott and members of her family saw plaintiff walking down the street and attacked him, kicking him and hitting him

2

in the head with a baseball bat, resulting in his immediate hospitalization. Plaintiff asked Turner to arrest the family members who beat him.

Plaintiff suffered a skull fracture and spent three days in the hospital. On December 17, 2007, he was taken to Cermak Hospital, inside the Cook County Jail, after being arrested for criminal sexual assault. He was hospitalized in Cermak Hospital until January 23, 2008, when he was moved to Division 8 within the jail. While in Cermak Hospital he was taken to the 51st Street Police Station for a preliminary hearing. On February 1, 2008, plaintiff was indicted on four counts of aggravated kidnaping, one count of aggravated battery, and one count of unlawful restraint.

Plaintiff complains that Turner withheld important evidence from the grand jury, specifically that he only referred to a scratch on plaintiff's ear that he received while trying to get away and failed to testify that he was hit in the head with a bat by the victim's family members. Plaintiff also alleges that Turner failed to place the baseball bat in evidence before the grand jury. He alleges he is being held at the Cook County Jail on false charges and he has suffered serious bodily injury.

According to defendant's motion, Ms. Scott's mother signed the criminal complaints because Knuana Scott was a child, apparently under the age of thirteen, at the time of plaintiff's arrest. Defendant argues that, as there was probable cause for the arrest, plaintiff's claims must fail.

## ANALYSIS

### A. Plaintiff Fails to State a Cause of Action for False Arrest or False Imprisonment.

It is well settled that the existence of probable cause to arrest precludes a § 1983 suit for false arrest. *See, e.g., Mustafa* v. *City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006); *Morfin* v. *City of East Chicago*, 349 F.3d 989, 997 (7th Cir. 2003). Probable cause exists where the facts and circumstances known to the officer are sufficient in themselves to warrant a person of reasonable

caution in the belief that an offense has been or is being committed. *U.S. v. Faison*, 195 F.3d 890, 893 (7th Cir. 1999).

The complaint of a single, credible witness is sufficient to establish probable cause for purpose of arrest. *Stoltey v. Brown*, 283 Fed. Appx. 402, 406 (7th Cir. 2008); *citing Woods v. City of Chicago,* 234 F.3d 979, 996 (7th Cir. 2000), *and citing Beauchamp v. City of Noblesville*, 320 F.3d 733, 743-44 (7th Cir. 2003). Defendant has submitted copies of the criminal complaints sworn out against plaintiff by Knuana Scott, as signed on behalf of her mother, and legal guardian, Pamela Hicks.[1] [Dkt. No. 23, Exh.B]. The court may take judicial notice of public records, such as criminal complaints, in deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Pierce v. Ill. Dep't of Human Servs.*, 128 Fed. Appx. 534, 536 (7th Cir. 2005); *citing Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). The complaint charged attempted aggravated kidnaping in violation of 720 ILCS 5/8-4, alleging that plaintiff "knowingly by the use of force attempted to carry Knuana Scott from the sidewalk located at 6140 S. Ashland to an alley with the intent to secretly confine [her] against her will. Knuana Scott is under 13 years of age." These facts are sufficient to establish probable cause.

Accordingly, plaintiff's claim of arrest without probable cause fails. Because the claim of false imprisonment depends on the lack of probable cause, this claim fails as well.

---

[1]Although plaintiff does not raise the issue, the criminal complaints are signed by the arresting officer, on behalf of the complaining witness. The Seventh Circuit Court of Appeals has held that another person's signature on a criminal complaint is acceptable, so long as that person initials the signature indicating that he or she is signing for the complainant. *See Haywood v. City of Chicago,* 378 F. 3d 714, 719 (7th Cir. 2004). On the complaints, Defendant Turner clearly indicates that he is signing for the complaining witness.

**B.     Plaintiff's Claim for Malicious Prosecution Fails.**

Plaintiff's allegations center not on his arrest but on Turner's conduct and testimony before the grand jury impaneled to determine whether to indict him. He implies that if Turner had told the grand jury about the attack on him, he would not have been indicted.[2]  Plaintiff's claim is thus not false arrest or false imprisonment, but rather, malicious prosecution. While false arrest and false imprisonment claims are based on an arrest and confinement prior to legal process, *Parish v. City of Elkhart*, 614 F.3d 677, 681 (7th Cir. 2010) (citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007)), "allegations that criminal proceedings were instituted against him based on false evidence or testimony . . . is, in essence, [a claim] for malicious prosecution, rather than a due process violation." *Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009) (internal cite and quotation marks omitted); *see also Davis v. Fenimore*, No. 09 C 939, 2010 WL 1489988, 4 (N.D. Ill. 2010) (discussing the elements of a malicious prosecution claim and observing that the providing of false information for the bringing of charges states a claim of malicious prosecution).

In order to establish a claim of malicious prosecution under Illinois law, plaintiff must show "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice;  and (5) damages resulting to the plaintiff."

---

[2]Although plaintiff's intended claims are not well articulated, to the extent he is claiming that the evidence about the baseball bat should have been presented to the grand jury, that information was irrelevant to plaintiff's own crime.  Should he have an injury claim against his attackers, that claim is not a civil rights case (as stated in the court's order of July 24, 2009, ECF Doc #5). Neither is a court entitled to award damages for the failure of a prosecutor to exercise his or her discretion not to pursue an indictment against a person who may have committed a crime. *Mucha* v. *Village of Oak Brook,* 2011 WL 489617, *4 (7th Cir., Feb. 14, 2011) ("Only in rare circumstances not present here is prosecutorial discretion subject to judicial scrutiny.")

*See Johnson v. Saville,* 575 F.3d 656, 659 (7th Cir. 2009); *citing Swick v. Liautaud*, 169 Ill. 2d 504, 662 N.E.2d 1238, 1242, 215 Ill. Dec. 98 (Ill. 1996) (*quoting Joiner v. Benton Cmty. Bank*, 82 Ill. 2d 40, 411 N.E.2d 229, 232, 44 Ill. Dec. 260 (Ill. 1980)). The absence of any one of these elements bars plaintiff from pursuing the claim. *Id.* It follows that the existence of probable cause is a "complete defense" to a malicious prosecution suit.[3] *Id.* Additionally, plaintiff pleaded guilty to one of the charges brought against him, so he cannot meet the requirement that the proceedings terminated in his favor. [Dkt. No. 23, Exhibit B, p. 9 of 20]. As he cannot meet two of the five elements of the test to establish a state law claim for malicious prosecution, plaintiff's malicious prosecution claim fails, and his complaint is dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss [#14] is granted and the complaint is dismissed.

Enter:

Dated: March 17, 2011

JOAN HUMPHREY LEFKOW
United States District Judge

---

[3]To the extent Plaintiff is attempting to allege a federal "malicious prosecution claim, grounded in the Fourth Amendment, although the parameters of such a claim are uncertain, it is likely that one of the elements of any such claim would be the absence of probable cause. *See Johnson v. Saville,* 575 F.3d 656, 664 (7th Cir. 2009); *citing Fox v. DeSoto,* 489 F.3d 227, 237 (6th Cir. 2007). Thus, any federal malicious prosecution claim plaintiff might be making fails for the same reason his state law claim fails: the existence of probable cause.